

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2011

# In Re: James Richardson

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-1507

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation
"In Re: James Richardson " (2011). *2011 Decisions.* Paper 1627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/1627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1507
_____

IN RE: JAMES RICHARDSON,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 10-4939)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 3, 2011
Before:    SCIRICA, HARDIMAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 21, 2011)
_____

OPINION
_____

PER CURIAM

        James Richardson, a federal prisoner, has filed a petition for a writ of mandamus

under 28 U.S.C. § 1651, seeking to compel the District Court to rule upon the mandamus

petition he filed with that Court pursuant to 28 U.S.C. § 1361.  At bottom, Richardson

seeks an order requiring the director of the Federal Bureau of Prisons to provide him with

a list of the incentives that he claims are mandated by 42 U.S.C. § 17541(a)(1)(G).  For

the following reasons, we will deny the petition.

Richardson filed his § 1361 mandamus petition in the District Court on September 28, 2010. On February 17, 2011, he filed his petition in this Court, arguing that the District Court had "unduly delayed" ruling on his petition. However, on March 1, 2011, the District Court denied his petition. As such, Richardson's petition with this Court is now moot.

Moreover, to the extent that Richardson asks this Court to consider the merits of his underlying claim, a mandamus petition does not represent the proper vehicle. A writ of mandamus is an extraordinary remedy. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). The petitioner must have no other adequate means to obtain the relief desired and must show a "clear and indisputable" right to the writ. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). Moreover, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997). Here, there is no obstacle to Richardson's appealing the order that the District Court entered on March 1, 2011. See Arnold v. BLaST Intermediate Unit 17, 843 F.2d 122, 124 (3d Cir. 1988). Accordingly, we will deny Richardson's petition.